# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 15-0386V
### Filed: June 30, 2015
Unpublished

```
* * * * * * * * * * * * * * * * * * * * * * * * * *
KATYA SIDO,                          *
                                     *
               Petitioner,           *        Ruling on Entitlement; Concession;
                                     *        Influenza ("flu") vaccine; Shoulder Injury
v.                                   *        Related to Vaccine Administration
                                     *        ("SIRVA"); Special Processing Unit
                                     *        ("SPU")
                                     *
SECRETARY OF HEALTH                  *
AND HUMAN SERVICES,                  *
                                     *
               Respondent.           *
* * * * * * * * * * * * * * * * * * * * * * * * * *
```

*Amber D. Wilson, Maglio Christopher and Toale, PA, Washington, DC, for petitioner.*
*Justine E. Walter, U.S. Department of Justice, Washington, DC, for respondent.*

## RULING ON ENTITLEMENT[1]

**Vowell**, Chief Special Master:

On April 16, 2015, Katya Sido filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq*,[2] [the "Vaccine Act" or "Program"]. The petition alleges that as a result of an influenza ("flu") vaccination on November 1, 2013, petitioner suffered a shoulder injury related to vaccine administration ("SIRVA"). Petition at ¶¶2, 14-15. The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters.

On June 29, 2015, respondent filed her Rule 4(c) Report ["Res. Report"], in which she concedes that petitioner is entitled to compensation in this case. Resp. Report at 4. Specifically, respondent has "concluded that a preponderance of the evidence

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, it will be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

establishes that petitioner's injury is consistent with a [SIRVA], and that [the] injury is not due to factors unrelated to her November 1, 2013, flu vaccination. *Id*. Respondent stated that ""in light of the information contained in petitioner's medical records, respondent has concluded that petitioner's right shoulder injury is compensable as a 'caused-in-fact' injury under the Vaccine Act." *Id*.

**In view of respondent's concession and the evidence before me, I find that petitioner is entitled to compensation.**

<u>**s/Denise K. Vowell**</u>
Denise K. Vowell
Chief Special Master